FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 04, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN ANTHONY SEYMOUR,<br><br>Defendant. | NO: 2:19-CR-189-RMP<br><br>PROTECTIVE ORDER |

BEFORE THE COURT is a motion by the United States for entry of a protective order regulating disclosure of discovery materials and the sensitive information those materials may contain, ECF No. 16, and an accompanying motion to expedite hearing of the same, ECF No. 17. The United States represents that Defendant Stephen Anthony Seymour does not object to entry of the protective order. ECF No. 16 at 5. The Court has reviewed the motions, the record, the relevant law, and is fully informed.

The standard for entry of a protective order in a criminal matter, generally, is good cause. *See* Fed. R. Crim. P. 16(d)(1) (providing that a "court may, for good cause, deny restrict, or defer discovery or inspection, or grant other appropriate

PROTECTIVE ORDER ~ 1

relief"). The Court finds that the potential injury from the dissemination of personal identifiers, other sensitive information, and medical records at issue in this matter constitutes good cause to enter the proposed protective order in an expedited fashion. However, Defendant may move to modify the protective order at a later date. *See* Fed. R. Crim. P. 16(d).

Accordingly, **IT IS HEREBY ORDERED**:

1. The United States' Unopposed Motion for Discovery Protective Order, **ECF No. 16**, and accompanying Motion to Expedite, **ECF No. 17**, hearing of the same are **GRANTED**.

2. Pursuant to the discovery obligations previously imposed by the Court, the United States is authorized to disclose discovery in its possession and any Protected Information contained therein. As used herein, "Protected Information" means sensitive personal, business, and financial information of defendants and third parties, including for example, social security numbers, driver's license and identification information, taxpayer identification numbers, tax information and records, salary information, dates of birth, birth places, addresses, phone numbers, e-mail addresses, personal photographs, cooperating witness information, and financial and business account numbers and information.

3. Counsel for Defendant (hereinafter "Defense Counsel") shall not share or provide any discovery items produced by the United States in this case with anyone other than designated Defense Counsel, defense investigators, retained expert witnesses, and support staff. Defense Counsel may permit Defendant to

view unredacted discovery items in the presence of Defense Counsel, defense investigators, and support staff. Defense Counsel personally, or through Defense Counsel's investigators and support staff, may show unredacted discovery items to witnesses in regard to items or events about which a witness may have personal knowledge. Defense Counsel and his investigators and support staff shall not allow Defendant or witnesses to copy Protected Information contained in the discovery.

4. The discovery and information therein may be used only in connection with the litigation of this case and for no other purpose. The discovery is now and will forever remain the property of the United States. At the conclusion of the case, Defense Counsel will return the discovery to the United States, will certify that it has been shredded, or, if the materials are still needed, will store it in a secure place and not disclose it to third parties. If the assigned Defense Counsel is relieved or substituted from the case, Defense Counsel will return the discovery to the United States or certify that it has been shredded.

5. Defense Counsel shall store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons contrary to the Protective Order.

6. Defense Counsel shall be responsible for advising Defendant, employees, witnesses, and other members of the defense team of the contents of this Protective Order.

7. This Protective Order also shall apply to any new Defense Counsel

PROTECTIVE ORDER ~ 3

who may later become counsel of record in this case.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** December 4, 2019.

<i>s/ Rosanna Malouf Peterson</i><br>
ROSANNA MALOUF PETERSON<br>
United States District Judge

PROTECTIVE ORDER ~ 4