PROB 12C
(6/16)

Report Date: October 9, 2025

# United States District Court

### for the

### Eastern District of Washington

## Petition for Warrant or Summons for Offender Under Supervision

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 09, 2025

SEAN F. McAVOY, CLERK

ECF No. 117

| | |
|---|---|
| Name of Offender: Stephen Anthony Seymour | Case Number: 0980 2:19CR00189-RLP-1 |
| Address of Offender: ▓▓▓▓▓▓▓▓▓▓▓ | |
| Name of Sentencing Judicial Officer:  The Honorable Rebecca L. Pennell, U.S. District Judge | |
| Date of Original Sentence: October 22, 2020 | |
| Original Offense: Assault Resulting in Substantial Bodily Injury to an Intimate or Partner in Indian Country, 18 U.S.C. §§ 113 (a)(7), 1153 | |
| Original Sentence: Prison - 60 months  TSR - 36 months | Type of Supervision: Probation |
| Revocation Sentence: (August 19, 2025) | Prison - Time Served (185 days)  TSR - 30 months |
| Asst. U.S. Attorney: Michael Louis Vander Giessen | Date Supervision Commenced: September 8, 2025 |
| Defense Attorney: Joel Anand Baumann | Date Supervision Expires: March 7, 2028 |

## PETITIONING THE COURT

To incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court on October 7, 2025.

On August 19, 2025, a supervised release hearing was held and Mr. Seymour was made aware of his conditions of supervision.

The probation officer believes that the offender has violated the following condition of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | **Mandatory Condition # 1**: You must not commit another federal, state or local crime.  **Supporting Evidence**: It is alleged Mr. Seymour violated his conditions of supervised release by committing the following offenses: Residential Burglary, in violation of R.C.W. 9A.52.025 BF and Unlawful Imprisonment, in violation of R.C.W. 9A.40.040.CF.  The following is derived from a police report filed by the Spokane Police Department, case number 2025-20207234. |

Prob12C
Re: Seymour, Stephen Anthony
October 9, 2025
Page 2

On October 7, 2025, Spokane police officers responded to an address for a report of a possible burglary incident. The caller indicated that her mother had contacted family via text message and told them an unknown male (later identified as Stephen Seymour) had broken into her apartment.

While Spokane police were in route, they were able to get in contact with the victim via phone and she informed them she could not speak freely.

When the officers arrived, they could see Mr. Seymour inside the apartment, visible through a large sliding glass door. Officers observed Mr. Seymour exit out the back door, who became aware of the officer's presence in a way that showed he was not expecting to see police officers there. He widened his eyes and briefly paused as if to decide what to do. Officers also noticed he appeared tired and out of breath, as if he had just been exerting himself or involved in a struggle.

An officer removed his duty weapon from his holster and held it in the low ready position, while ordering Mr. Seymour to show his hands, which he did, raising them above his head. He was eventually detained by officers. Mr. Seymour was advised of his Miranda Rights, which he said he understood and that he "don't know nuthin." Officers asked him what he was doing inside the residence and he said "I just ran in there." When asked why he said, "I dunno, it was a good place to fucking walk in." Officers asked if he was high right now (as in under the influence of a mind altering substance) and he said "no." Officers asked, "Do you think it is a reasonable thing to just go into someone's house that you don't know?" Mr. Seymour shrugged his shoulders and said, " that is what I did." He then stated there was no reason why he went into the residence and that he did it because he was stupid. Officers asked if he was running from someone and he said, "I ain't runnin from nothin." Officers repeated the question about why he ran into the apartment and he said, "I ran there because I thought it was a good place to go." He was again asked if he had smoked anything that day and he said that he had smoked cigarettes.

Officers noticed Mr. Seymour's pupils were very small, almost pinpoint. While the officer was not a trained drug expert, the officer is very familiar with various symptoms of narcotics usage and knows both regular and synthetic opiates cause a person's pupils to appear the same when they are under the influence.

The victims (ages 83 and 88 years old), stated that Mr. Seymour entered through an unlocked sliding door. Mr. Seymour was acting erratic, saying someone was trying to kill him and telling the victims to be quiet and also told the victim "no" when they had asked Mr. Seymour if they could take their dog for a walk. They observed Mr. Seymour leave the bathroom, and then after several minutes begin to act erratically while inside the apartment. Mr. Seymour was repeatedly checking the doors and windows as if he was afraid someone was going to see him inside or try and enter. The victims said they were afraid to move fearing Mr. Seymour might harm them if they did so.

The victims appeared very scared of Mr. Seymour and acknowledged they did not leave due to being afraid of Mr. Seymour hurting her and her husband.

Given Mr. Seymour's behavior and his unlawfully entering the home of an elderly couple, he could have easily overpowered them if he chose to. Officers also believed that the

Prob12C
**Re: Seymour, Stephen Anthony**
**October 9, 2025**
**Page 3**

    victim's account of being afraid he might harm her if she did not comply with him was an extremely reasonable fear to have. Officers also believed that Mr. Seymour had the ability to understand the effect his actions would have on the victims, and that his commands to be quiet and not leave the apartment would only be obeyed out of fear he would have caused them harm.

    Mr. Seymour was booked into the Spokane County Jail on the aforementioned charges. His bond is currently set at $10,000.

The U.S. Probation Office respectfully recommends the Court to incorporate the violation contained in this petition in future proceedings with the violations previously reported to the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   October 9, 2025

s/Corey M McCain

Corey M McCain
U.S. Probation Officer

---

### THE COURT ORDERS

- [ ] No Action
- [ ] The Issuance of a Warrant
- [ ] The Issuance of a Summons
- [x] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
- [x] Defendant to appear before the Judge assigned to the case.
- [ ] Defendant to appear before the Magistrate Judge.
- [ ] Other

Signature of Judicial Officer

October 9, 2025

Date